**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2583
_____

MEI LIN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-930-856)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2013
Before:  RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: April 18, 2013)
_____

OPINION
_____

PER CURIAM

        Mei Lin petitions for review of a decision of the Board of Immigration Appeals

(BIA).  For the reasons below, we will deny the petition for review.

Lin, a citizen of China, entered the United States in May 2001. In December 2006, she applied for asylum and withholding of removal. She alleged that she would be persecuted under the family planning policy. In February 2007, she was charged as removable as an alien without valid, unexpired documents at the time of her entry. Lin conceded removability. After a hearing, an Immigration Judge (IJ) found Lin removable and denied relief. Lin appealed and subsequently filed a motion to remand with the BIA. She sought to raise a new claim that she would be persecuted based on her Christian religion if removed to China. The BIA dismissed the appeal and denied the motion to remand, and Lin filed a timely petition for review. We have jurisdiction under 8 U.S.C. § 1252.

First, Lin argues that the BIA erred in determining that she had not met her burden of proof. She contends that she has established that it is more likely than not that she will be forcibly sterilized if returned to China. The BIA observed that the record reflected that physical coercion is uncommon and unsanctioned to achieve compliance with the family planning policy and that most violators of the policy paid fines. Lin contends that the fine that will be levied upon her would constitute economic persecution. The BIA noted that Lin had not shown that she would be unable to pay the fine. It observed that the enforcement of the policies in Fujian were described as lax and uneven in the 2007 China: Profile of Asylum Claims and that couples may be allowed to pay the fine in installments. Lin does not challenge the BIA's conclusions on this issue. Lin has not

2

shown that the record compels a finding that she has a well-founded fear of future persecution or that it is more likely than not that she will be persecuted.

Next, Lin contends that the BIA erred in failing to credit her documents. The BIA gave little weight to the village committee notices Lin submitted because they were unauthenticated photocopies that did not identify the author and were obtained for the purpose of the hearing. We have held that such unauthenticated documents may properly be discounted. Ying Chen v. Att'y Gen., 676 F.3d 112, 117 (3d Cir. 2011). Lin asserts that the documents were authenticated through credible testimony. However, the page of the appendix to which she cites is part of the IJ's opinion and does not contain or refer to any credible testimony authenticating the documents. While the IJ found Lin to be credible, her credible testimony cannot establish the authenticity of documents sent from China because she has no personal knowledge of their authenticity.

Lin also contends that the BIA failed to give proper weight to evidence of the sterilization of other Chinese citizens on their return to China. The BIA gave little weight to the affidavit of Jin Fu Chen because his statement was unsworn, not notarized, and was prepared for another asylum applicant's hearing. J.A. at 5, 2076. The BIA noted that no efforts were made to establish the authenticity or reliability of the documents and that Chen had not provided details to show that he was forcibly sterilized. The affidavit of Mei Yun Chen was likewise unsworn and unauthenticated. J.A. at 1168. The BIA did not err in discounting these documents.

3

Finally, Lin argues that the BIA erred in denying the motion to remand because she made a prima facie showing of a well-founded fear of persecution based on her Christian religion. She submitted, inter alia, an updated asylum application, a baptism certificate, a statement from her father, and background documents. She asserted that in November 2010, a few months after the IJ denied her asylum application, her parents' underground church was raided and her father was detained and beaten. A few months later, Lin was baptized. The BIA concluded that Lin had not shown that the Chinese government was or would be aware of her religious activities and would mistreat her.[1] It further observed that aliens may not manufacture new asylum claims by changing their personal circumstances. See Liu v. Att'y Gen., 555 F.3d 145, 151 (3d Cir. 2009). Lin has not shown that the BIA abused its discretion in denying the motion to remand.

For the above reasons, we will deny the petition for review.

---

[1] We note that Lin testified that if removed to China, she would live with her husband's family, which is an hour away from her family. J.A. at 547, 572.